IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS SLATER,<br>AIS# 173338, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-01006-RAH-CWB |
| | ) | |
| BURT SMITHART, *et al.*,<br>*Circuit Judge*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus Slater, a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against the Honorable Burt Smithart—a circuit judge in the Circuit Court of Barbour County, Alabama—and the State of Alabama. Slater alleges that Judge Smithart is unconstitutionally denying him access to the courts by refusing to release a copy of the transcript from his state criminal proceedings, which Slater says he needs in order to prepare a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[1] The matter is before the Court for screening under 28 U.S.C. § 1915A.

For the reasons set out below, the Court lacks jurisdiction over this matter and the Complaint seeks relief from defendants who are immune. The Complaint is therefore due to be **DISMISSED** before service of process.[2]

---

[1] Slater is serving a 99-year sentence as a habitual offender after a 2001 conviction for second-degree assault.  He has filed three Rule 32 motions already.

[2] Slater was granted IFP status on February 9, 2026. (*See* doc. 5.)

## BACKGROUND

Slater is confined at the W.E. Donaldson Correctional Facility. His claims arise from proceedings in the Circuit Court of Barbour County, Alabama, in Case No. CC-00-111. Slater alleges that he sought a copy of his trial transcript and that two family members, Shelly Slater and Royal Lee Slater, went in person to the Barbour County Circuit Clerk's office to request it. According to his Complaint, the clerk told Slater's family members that the request would have to be taken up with Judge Smithart. Slater further alleges that Judge Smithart "fabricat[ed] the record" to make it appear that he had filed a "Motion Requesting Transcripts" on or about August 25, 2025. Slater says that he filed no such motion.[3] He also states that he is a non-indigent inmate who has offered to pay any required fees.

Slater asserts two grounds for relief. First, he contends that the denial of his transcript violates his First and Fourteenth Amendment right of access to the courts, and that he is entitled to the records under the Freedom of Information Act. Second, he contends that the denial violates the Equal Protection Clause, alleging that he has been singled out on the basis of race. The Complaint's request-for-relief section is left blank.

## STANDARD OF REVIEW

Slater is a prisoner seeking redress from a governmental officer. Therefore, the Court must review Slater's Complaint to determine whether any portion of it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If any of the foregoing is true, then the Court must dismiss the Complaint, either in whole or in part. *Id.*

---

[3] A review of court file on Alacourt shows that Slater did file a motion on August 19, 2025.

A claim is frivolous when it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31–33 (1992). The standard governing dismissal for failure to state a claim mirrors that of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court accepts the well-pleaded factual allegations as true and construes them in Slater's favor, but the Complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Labels, conclusions, and formulaic recitations of the elements do not suffice. *Iqbal*, 556 U.S. at 678.

Because Slater proceeds pro se, the Court construes his pleading liberally and holds it to a less stringent standard than a pleading drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to serve as de facto counsel, to rewrite a deficient pleading, or to supply elements that Slater has not alleged. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## DISCUSSION

### A. Jurisdiction

Presumably, Slater seeks an order from this Court requiring a state official to comply with his transcript request. In this respect, Slater's Complaint amounts to a petition for a writ of mandamus directed at state officials. *See Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (finding the plaintiff's request for an injunction ordering state appellate judges to address the merits of his habeas petition amounted to a request for the district court to issue a writ of mandamus). But "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is

3

the only relief sought." *Id.* (citing *Moye v. Clerk, DeKalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973))[4]; *see also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *Johnson v. Georgia*, 661 F. App'x 578, 580, 581 (11th Cir. 2016) (citing *Moye*, 474 F.2d at 1276) (affirming the district court's dismissal of plaintiff's amended complaint seeking, in part, "a writ of mandamus compelling the [trial court] to hold a bail hearing or to otherwise grant Plaintiff unrestricted access to the courts and to his legal files" because "[t]he district court concluded correctly that it lacked jurisdiction to issue a writ of mandamus to direct the [trial court] in the performance of the state court's duties"); *Critten v. Yates*, 2010 U.S. App. LEXIS 12383, at \*6 (11th Cir. June 16, 2010) (citations omitted) ("[A]s for [plaintiff's] request that the district court compel the superior court clerk to provide him with a copy of his state court indictment, we agree with the district court that it did not have the power to grant the requested relief."). Accordingly, Slater's claim requesting a copy of his state criminal trial transcript is due to be dismissed for lack of jurisdiction.

### B. Absolute Judicial Immunity

That is not all. Judges are entitled to absolute immunity from suit for damages under § 1983 for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam). The immunity is sweeping. It is not overcome by allegations that the judge acted in bad faith or with malice, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam), nor by allegations that the judge

---

[4] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

committed grave procedural errors or acted corruptly, *Stump*, 435 U.S. at 356, 359. A judge is subject to liability in only two narrow circumstances: for actions that are not judicial in nature, and for actions, though judicial, taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Neither exception applies here. Whether an act is "judicial" turns on whether it is a function normally performed by a judge and whether the complaining party dealt with the judge in the judge's judicial capacity. *Stump*, 435 U.S. at 362; *Forrester v. White*, 484 U.S. 219, 227–29 (1988). Ruling on, processing, or declining requests for transcripts and other case records in a case over which a judge presides is a fundamental judicial function. Slater's central allegation—that Judge Smithart manipulated the record concerning a transcript motion—describes, however he chooses to characterize it, the handling of filings and records in a state criminal proceeding. That conduct is judicial in nature.

Further, Slater fails to allege facts showing that Judge Smithart acted in the complete absence of all jurisdiction. A circuit judge plainly possesses jurisdiction over the records of cases assigned to his court, and the existence of jurisdiction is construed broadly for immunity purposes. *Stump*, 435 U.S. at 356–57. The immunity therefore bars any claim for damages against Judge Smithart, including claims premised on allegations of fraud or fabrication of the record.[5]

To the extent Slater seeks injunctive relief against Judge Smithart, § 1983 itself forecloses it. As amended by the Federal Courts Improvement Act of 1996, the statute provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

---

[5] The Court does not pass on whether the conduct Slater describes occurred. On screening, the Court accepts his well-pleaded factual allegations as true. Even taken as true, those allegations describe judicial acts and are therefore subject to immunity.

unavailable." 42 U.S.C. § 1983; *see Bolin*, 225 F.3d at 1242.  Slater alleges neither the violation of a declaratory decree nor the unavailability of declaratory relief, and the bar applies with equal force whether the requested injunction is against the judge in his individual or official capacity. *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam).

Because absolute immunity bars every form of relief Slater could obtain against Judge Smithart, the claims against him are due to be dismissed.

### C. The State of Alabama Is Not a Proper Defendant

Slater also names the State of Alabama as a defendant. A State is not a "person" amenable to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–71 (1989).  Independently, the Eleventh Amendment bars suit against a State in federal court absent the State's consent or a valid congressional abrogation, neither of which is present here. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The same bar reaches any claim against Judge Smithart in his official capacity, which is treated as a claim against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985); *Will*, 491 U.S. at 71. The claims against the State  of Alabama are therefore due to be dismissed.

### D. Amendment Would Be Futile.

Ordinarily a pro se plaintiff is afforded at least one opportunity to amend before a claim is dismissed with prejudice. *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Leave to amend need not be granted, however, where amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam); *Huggins v. Sch. Dist. of Manatee Cnty.* 151 F.4th 1268, 1286 (11th Cir. 2025). The defects here are not ones that more careful pleading could cure. Jurisdiction, absolute judicial immunity, and Eleventh Amendment immunity are substantive bars to suit against these Defendants, not drafting deficiencies, and

6

no reformulation of the allegations against Judge Smithart or the State of Alabama could proceed. Amendment would therefore be futile, and dismissal is appropriate.

This ruling does not foreclose Slater from pursuing his transcript through the avenues currently available to him under state law—for example, by directing an appropriate request or motion to the state court or clerk, or by seeking mandamus in the Alabama appellate courts. And nothing in this opinion passes on the merits of any such state-law remedy.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

(1) Plaintiff's *Motion for Status* (doc. 7) is **DENIED** as moot;

(2) This action is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b) as to all Defendants, and without prejudice to any remedy Slater may pursue in the courts of the State of Alabama; and,

(3) A separate Final Judgment **SHALL** be entered.

**DONE** on this the 12th day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7